UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NICOLE BENNETT | ) | 3:19-CV-00081 (KAD) |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| METRO-NORTH RAILROAD | ) | |
| COMPANY, | ) | December 18, 2019 |
| *Defendant*. | | |

**ORDER RE: MOTION TO COMPEL [ECF NO. 29]**

Kari A. Dooley, United States District Judge:

On August 27, 2019, Plaintiff Nicole Bennett ("Plaintiff") filed a supplemental memorandum in support of her motion to compel Defendant Metro-North Railroad Company ("Defendant") to produce documents responsive to Plaintiff's Requests 2, 4, and 9. (ECF Nos. 29 and 35). In the supplemental memorandum, Plaintiff asks this Court to order Defendant to produce documents identified at lines 2, 3, 4, 5, and 6 of Defendant's August 22, 2019 privilege log. (ECF No. 35). On October 2, 2019, in its Status Report, Defendant argues that the Court should reject Plaintiff's motion to compel because Defendant properly withheld the documents as protected work product under Fed. R. Civ. P. 26(b)(3). (ECF No. 64). Pursuant to this Court's December 2, 2019 Order (ECF No. 69), Defendant submitted the documents at issue for *in camera* review on December 9, 2019. (ECF No. 72). For the reasons that follow and with respect to the documents at issue, Plaintiff's motion to compel is GRANTED.

**Discussion**

The party asserting a privilege that protects against disclosure has the burden of establishing the privilege asserted. *In re Grand Jury Subpoenas Dated Mar. 19, 2002 & Aug. 2, 2002*, 318 F.3d 379, 384 (2d Cir. 2003). Here, the Defendant asserts that the documents listed in

1

lines 2 through 6 of the August 22, 2019 privilege log are privileged pursuant to Fed. R. Civ. P. 26(b)(3) as documents prepared in anticipation of litigation, and therefore work product. (ECF No. 64). Generally, these documents are internal emails to which drafts of the IR-1 and IR-2 are attached. As observed by both parties, a document is "prepared in anticipation of litigation . . . if in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained **because of** the prospect of litigation." *United States v. Adlman*, 134 F.3d 1194, 1202 (2d Cir. 1998) (emphasis added) (internal quotation marks and citations omitted). But the court, in *Adlman*, further held that "the 'because of' formulation that we adopt here withholds protection from documents that are prepared in the ordinary course of business or that would have been created in essentially similar form irrespective of the litigation. It is well established that work-product privilege does not apply to such documents." *Id*.

The parties agree that the IR-2 Form prepared in connection with the Plaintiff's accident is NOT protected work-product and has been produced by Defendant to the Plaintiff. Indeed, the IR-2 Form is prepared in every case in which an employee is injured for multiple reasons: to insure a quick and thorough investigation of the accident; to help determine the cause of the accident; to help prevent future accidents of a similar nature; and to comply with regulatory obligations. (ECF No. 35 at 2–3; ECF No. 64 at 9); *see* 6 *Moore's Federal Practice*, § 26.70[3][c][ii] (Mathew Bender 3d Ed.) ("If the party routinely causes reports to be prepared under similar circumstances without regard to whether subsequent litigation occurs, work product protection does not apply."); *see also Schaeffler v. United States*, 806 F.3d 34, 43–44 (2d Cir. 2015) (work product protection does not apply to documents "prepared in the ordinary course of business in a form that would not vary regardless of whether litigation was expected.");

*Adlman*, 134 F.3d at 1202. Notwithstanding, the Defendant seeks to shield the communications regarding the preparation of the IR-2 and the drafts of the IR-2 as protected work product.

The court has reviewed the documents *in camera*. The documents at issue reflect the drafting, sharing, review, signing and/or editing of the IR-2. The documents do not include any discussion of possible litigation or claims by the Plaintiff. And not surprisingly, they do not therefore reflect or reveal any particular litigation strategy, attorney impressions, or even that counsel was involved in any manner in the creation of the IR-2. In sum, there is no indication in the documents themselves that the IR-2 was being prepared other than for the reasons set forth above and for which an IR-2 is prepared in the case of every employee accident in the ordinary course of business. Accordingly, the Defendant has not met its burden of establishing that these documents were prepared "because of" anticipated litigation as set forth in *Adlman*.

Accordingly, on or before January 21, 2020, the Defendant shall produce the documents identified at lines two through six of the August 22, 2019 privilege log to the Plaintiff.

**SO ORDERED** at Bridgeport, Connecticut, this 18th day of December 2019.

                                         */s/ Kari A. Dooley*
                                         KARI A. DOOLEY
                                         UNITED STATES DISTRICT JUDGE