UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NICOLE BENNETT | ) | 3:19-CV-00081 (KAD) |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| METRO-NORTH RAILROAD | ) | |
| COMPANY, | ) | May 4, 2020 |
| *Defendant*. | | |

**ORDER GRANTING MOTION TO COMPEL AND FOR SANCTIONS (ECF NO. 79)**

Kari A. Dooley, United States District Judge

Plaintiff, an Assistant Conductor with the Defendant Metro-North Railroad Company (Metro-North) brings this FELA action against Metro-North as a result of a fall she experienced as she was descending a set of stairs at the Bridgeport rail yard at the end of her shift. Pending before the Court is Plaintiff's Motion to Compel the continued deposition of Vincent Sharkey and request for an order that he respond to the questions which defense counsel improperly instructed him not to answer when his deposition was convened on January 30, 2020. The Plaintiff also seeks an award of attorneys' fees and costs for having to bring the Motion to Compel. The Defendant makes no effort to explain or justify counsel's clear violation of Rule 30(c)(2). Rather, the Defendant argues, as a matter of substance, that the questions were improper as irrelevant and therefore outside the scope of discovery. For the reasons that follow the Motion to Compel is GRANTED. Plaintiff's request for an award of attorneys' fees and costs associated with the bringing of the Motion to Compel is also GRANTED, subject to further submission by the parties as detailed herein.

**Discussion**

Federal Rule of Civil Procedure 30(c)(2) provides:

> An objection at the time of the examination—whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition—must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection. An objection must be stated concisely in a nonargumentative and nonsuggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3).

Counsel who chooses to unilaterally violate Rule 30(c)(2) by improperly directing a witness not to answer a question does so at his or her peril. The rule is "clear that once an objection is noted for the record the examination proceeds and the testimony of the deponent is taken subject to the objection." *Weinrib v. Winthrop-Univ. Hosp.*, 2016 WL 1122033, at *2 (E.D.N.Y. Mar. 22, 2016); *see also Gould Investors, L.P. v. General Ins. Co. of Trieste & Venice*, 133 F.R.D. 103, 104 (S.D.N.Y. 1990); *Luc Vets Diamant v. Akush*, No. 05 Civ. 2934, 2006 WL 258293, at *1 (S.D.N.Y. Feb. 3, 2006); *Ice Cube Bldg., LLC v. Scottsdale Ins. Co.*, No. 3:17-CV-00973 (KAD), 2019 WL 2323890, at *2 (D. Conn. May 31, 2019). And counsel "may instruct a deponent not to answer *only* when necessary to preserve a privilege, to enforce a limitation directed by the court, or to present a motion under Rule 30(d)[(3)]." *Akush*, No. 05 Civ. 2934, 2006 WL 258293, at *1 (emphasis added) (internal quotation marks omitted) (citing FED. R. CIV. P. 30(c)(2)); *see also U.S. ex rel. Tiesinga v. Dianon Sys., Inc.*, 240 F.R.D. 40, 43 (D. Conn. 2006) ("Ordinarily, it is improper for counsel to direct a witness not to answer a question posed at a deposition, even if the question is improper or beyond the scope of a deposition notice."). As aptly observed by a court in this district, "[t]hese rules properly recognize that '[d]irections to a deponent not to answer a question can be even more disruptive than objections.'" *U.S. ex rel. Tiesinga*, 240 F.R.D. at 43 (quoting FED. R. CIV. P. 30 advisory committee's note to 1993 amendment).

Here, the deposition transcript speaks for itself. On three separate occasions, defense counsel instructed the deponent not to answer questions related to repair and maintenance work

undertaken on the risers and stairs at the Stamford rail yard. Her stated reason was that the inquiry was irrelevant and therefore presumptively pursued in bad faith.[1] Counsel did not assert any privilege, a prior limiting order of the Court and nor did she seek to suspend the deposition so that she could seek court intervention pursuant to Rule 30(d)(3).[2]

It is well-settled that a perceived "lack of relevancy [to a question] is not a proper basis for instructing a witness not to answer deposition questions." *Weinrib*, 2016 WL 1122033, at *2 (collecting cases); *see also Scottsdale Ins. Co.*, No. 3:17-CV-00973 (KAD), 2019 WL 2323890, at *3 ("'It is improper to instruct a witness not to answer a question on the basis of relevancy. If there is an objection to the question on such grounds, the court reporter should note the objection but the examination should proceed.'") (quoting *Mirlis v. Greer*, 249 F. Supp. 3d 611, 614 (D. Conn. 2017) (internal quotation marks and citation omitted)). Counsel's direction to the witness was improper and the Motion to Compel is therefore granted. Further, it was this improper conduct that necessitated the Motion to Compel.

Rule 37(a)(5) provides that when a motion to compel is granted, as is the case here, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." FED. R. CIV. P. 37(a)(5)(A). But the court "must not" make such an order if "circumstances make an award of expenses unjust." FED. R. CIV. P. 37(a)(5)(A)(iii); *see Riddell Sports Inc. v. Brooks*, 158 F.R.D. 555, 558 (S.D.N.Y. 1994) ("an award of reasonable expenses, including attorneys fees, is available to the party that prevails on the motion if his adversary's position was not substantially justified"). The Court does not believe

---

[1] In Defendant's opposition to the Motion to Compel, Defendant continues to advance this argument. Counsel does not address in any manner the provisions of Rule 30(c)(2) or counsel's conduct during the deposition.

[2] At some point during the deposition, defense counsel suggested that she might seek a protective order from the Court, but ultimately she did not invoke Rule 30(d)(3).

it would be unjust to award Plaintiff her reasonable expenses, to include her attorneys' fees, in bringing the Motion to Compel. *See*, *e.g.*, *Spencer v. Kenny*, No. 3:11-CV-50 (RNC), 2015 WL 6958009, at *2 (D. Conn. Nov. 10, 2015).

First, Defendant's position was not substantially justified because the relevancy objection was not a valid basis upon which to instruct the witness not to answer. Moreover, the areas of inquiry foreclosed by counsel at the deposition were and remain relevant to the case and were well within the broad scope of Rule 26 discovery. Defendant's opposition to the Motion to Compel remarkably asserts that "there is no evidence in this case that the condition of the stairs caused the plaintiff's alleged fall" and therefore questions about the maintenance, painting and upkeep of stairs at a Metro North station in Stamford were irrelevant and a fishing expedition. *See* ECF No. 83 at p. 1. With this argument the Defendant essentially asks the Court to define the scope of discovery based upon the Defendant's view of the merits of the case. That's not how this works. The Plaintiff alleges in her Amended Complaint that the Defendant was negligent by, *inter alia*, failing "to paint the steps a bright color or put bright colored grip tape on the steps or make the steps out of bright colored material; and/or . . . [failing] to provide a brightly colored and/or flat and/or secure walking/stepping surface at the bottom of the stairs with a metal or plastic grated material for one to step down to or up to the steps from." ECF No. 48 at p. 4. The Plaintiff is entitled to discovery on the facts alleged in her Amended Complaint and the questions which the Defendant instructed the witness not to answer are unquestionably relevant to these allegations.[3] *See In re PE Corp. Sec. Lit.*, 221 F.R.D. 20, 23–26 (D. Conn. 2003) (discussing relevancy in the

---

[3] Although the Plaintiff cited multiple cases addressing the relevance of these types of inquiries in the context of the admissibility of the evidence, the Court does not decide whether the testimony elicited will be admissible at the trial of this matter. The Court's relevancy determination is made in the context of the scope of discovery only.

context of discovery generally and finding the discovery sought relevant when viewed in relation to the allegations in the complaint).

However, an award of attorneys' fees pursuant to Rule 37 is calculated "according to the lodestar formula, in which the number of hours spent by the attorneys is multiplied by the hourly rate normally charged for similar work by attorneys of like skill in the area." *Bowne of New York City, Inc. v. AmBase Corp.*, 161 F.R.D. 258, 266 (S.D.N.Y. 1995) (internal quotation marks and citation omitted). The lodestar is the presumptively reasonable fee in determining the amount of attorneys' fees and costs warranted in connection with a motion for sanctions. *Congregation Rabbinical Coll. of Tartikov, Inc. v. Vill. of Pomona*, 188 F. Supp. 3d 333, 337 (S.D.N.Y. 2016); *see also Friedman v. SThree PLC.*, No. 3:14-CV-00378 (AWT), 2017 WL 4082678, at *3 (D. Conn. Sept. 15, 2017). The Plaintiff has not submitted any information to the Court regarding the time spent preparing the Motion to Compel or the hourly rates of the persons involved. The Court cannot therefore determine the lodestar or whether any adjustment to the lodestar is appropriate under the circumstances. Accordingly, on or before May 25, 2020, the Plaintiff shall file an affidavit detailing the amount of time spent preparing the Motion to Compel, the hourly rates of the persons involved as well as the rates of attorneys "for similar work [and] of like skill in the area." *AmBase Corp.*, 161 F.R.D. at 266 (internal quotation marks omitted). The Defendant shall have an opportunity to object to the amount of the fees sought on or before June 5, 2020.

**Conclusion**

The Motion to Compel and for sanctions is GRANTED. The deposition of Vincent Sharkey shall be reconvened at a mutually agreed upon date. He shall answer the questions that counsel previously improperly instructed him not to answer as well as any follow-up questions on the same subject matter. The Defendant shall bear all out of pocket expenses associated with the reconvened

deposition. The amount of the attorneys' fees to be awarded shall be determined by the Court once the Court receives the parties' submissions on the issue.

**SO ORDERED** at Bridgeport, Connecticut, this 4th day of May 2020.

                                         */s/ Kari A. Dooley*
                                         KARI A. DOOLEY
                                         UNITED STATES DISTRICT JUDGE