UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NICOLE BENNETT  *Plaintiff*, | ) ) ) | 3:19-CV-00081 (KAD) |
| v. | ) ) | |
| METRO-NORTH RAILROAD COMPANY  *Defendant*. | ) ) ) | July 31, 2020 |

**ORDER RE: MOTION TO AMEND THE AMENDED COMPLAINT (ECF NO. 92)**

Kari A. Dooley, United States District Judge

Plaintiff, an Assistant Conductor with the Defendant Metro-North Railroad Company (Metro-North), brings this FELA action against Metro-North as a result of a fall she experienced as she was descending a set of stairs at the Bridgeport rail yard at the end of her shift. Pending before the Court is Plaintiff's Motion to Amend the Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2). Therein, Plaintiff seeks to supplement her negligence allegations to include the doctrine of *res ipsa loquitur*. For the reasons that follow, the motion is GRANTED.

**Discussion**

Under Rule 15(a)(2), "a party may amend its pleading only with . . . the court's leave [and] [t]he court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). "It is within the sound discretion of the district court to grant or deny leave to amend." *WC Capital Mgmt., LLC v. UBS Sec., LLC*, 711 F.3d 322, 334 (2d Cir. 2013) (internal quotation marks and citation omitted). The Court may deny leave to amend because of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment[.]" *Foman v. Davis*, 371 U.S. 178, 182 (1962). Absent such "apparent or declared

reason . . . the leave sought should, as the rules require, be freely given." *Id*. (internal quotation marks omitted).

Through the instant motion, Plaintiff "seeks to supplement her original negligence allegations to include the doctrine of *res ipsa loquitur*," (ECF No. 93 at 1), by simply adding an allegation that "the defendant is negligent pursuant to [the] doctrine of *res ipsa loquitur*." (ECF No. 93-1 at 5).[1] Plaintiff offers that "[t]his supplement is being made to make the defendant aware that the plaintiff may seek a jury instruction on the doctrine of *res ipsa loquitur* theory of negligence based on facts learned during discovery so far." (ECF No. 93 at 2).

Defendant objects to the amendment and asserts that the amendment is futile because the doctrine of *res ipsa loquitur* is not applicable in this slip and fall case and because the Plaintiff has not pled the requisite elements of the doctrine. However, "the doctrine of *res ipsa loquitur* does not constitute a separate cause of action," *USAA Cas. Ins. Co. v. Permanent Mission of Republic of Namibia*, 681 F.3d 103, 105 n.6 (2d Cir. 2012), rather it is jury instruction permitting, though not compelling, a jury to infer negligence from the facts of the occurrence, *see Potthast v. Metro-N. R.R. Co.*, 400 F.3d 143, 152 (2d Cir. 2005); *see also Higgins v. Consol. Rail Corp.*, 638 F. Supp. 254, 257 (D. Conn. 1986) (*res ipsa loquitur* "is merely a form of circumstantial evidence that allows a trier to infer negligence from a set of proven facts"). And the Court cannot, at this juncture, determine whether the doctrine of *res ipsa loquitur* is applicable or whether a jury instruction on the doctrine is warranted. While it may be true that "[r]es ipsa loquitur is generally inapposite in a slip-and-fall case[,]" *Molina v. United States*, No. 11-CV-04097 ERK, 2015 WL 4394045, at *8 (E.D.N.Y. July 16, 2015), it is not true that *res ipsa loquitur* is inappropriate in every slip-and-fall

---

[1] It also appears that Plaintiff removed the paragraph beginning with "WHEREFORE" in the first amended complaint. (*See* ECF No. 48 at 4). As herein ordered, Plaintiff will separately docket the PSAC, which shall differ in substance from the first amended complaint only as discussed in Plaintiff's motion to amend the amended complaint regarding *res ipsa loquitur*.

case, *see Coale v. Metro-N. Commuter R. Co.*, 621 F. App'x 13, 15–16 (2d Cir. 2015) (summary order) (reversing district court's finding that *res ipsa loquitur* did not apply in a FELA slip-and-fall case). Without a complete picture of the material facts in this case,[2] it would be improper for the Court to decide whether a *res ipsa loquitur* jury instruction is appropriate. Indeed, the Second Circuit has cautioned, "that in making determinations regarding the plaintiff's eligibility for a *res ipsa loquitur* charge, the court should be especially careful not to take to itself the role and responsibility of the jury." *Potthast*, 400 F.3d at 152. The proposed amendment causes no prejudice to the Defendant as the Defendant will have ample opportunity to contest the giving of a *res ipsa loquitur* instruction.

**Conclusion**

For the foregoing reasons, Plaintiff's Motion to Amend the Amended Complaint is GRANTED. Plaintiff is directed to separately docket the Proposed Second Amended Complaint.

**SO ORDERED** at Bridgeport, Connecticut, this 31st day of July 2020.

                                           /s/ Kari A. Dooley
                                           KARI A. DOOLEY
                                           UNITED STATES DISTRICT JUDGE

---

[2] Recently, the Court extended the discovery deadline by five months. (ECF No. 95).